## S. POTTER ET AL. v. J. T. LAMBIE ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 11, 1891—Decided May 25, 1891.

When, on a sale of lands by the sheriff, the judgment defendant is suffered to remain in possession and to grow crops on the land as theretofore,

---

* The assignment of error showed only the offer made and the ruling of the court thereon; not the evidence admitted under the offer, nor even the substance thereof.

Charge of Court below.

neither the purchaser, nor the vendee of his title, may enter and remove any portion of the crops so grown, as the owner thereof.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 353 January Term 1890, Sup. Ct.; court below, No. 66 December Term 1881, C. P.

On September 30, 1881, Samuel Potter and Sophia, his wife, in right of said wife, brought trespass against James T. Lambie, Jonathan Birch, George W. Stewart, Leander Stewart, and Simon Stewart. Issue.

At the trial, on February 18, 1890, it was shown that in March, 1880, a tract of land was sold at sheriff's sale as the property of Sophia Potter, the beneficial plaintiff herein, to Pickersgill and Childs of Pittsburgh; that in June, 1881, the sheriff's grantees conveyed the land to Simon Stewart, one of the defendants herein; that the plaintiffs in this case, remaining in possession of the land after said sheriff's sale, in the spring of 1881 put in a crop of corn thereon; and that in September of that year, after a part of the crop had been "cut up," Simon Stewart and the other defendants, his employees, entered the field and carried away one half of the corn in the shock, as a landlord's share of the crop.

At the close of the testimony, the court, INGHRAM, P. J., charged the jury in part as follows :

[If you should find that the defendants were in possession, and that the plaintiffs raised the crop there, why then the crop would be subject to just such an arrangement as a tenant would make with a landlord; and, the owners of the title being in possession, and that possession being in a tenant, why they would have a right to the landlord's share. But, if the plaintiffs were in possession, then they would have a right to recover a verdict for the value of the corn at the time it was taken, with its interest down to the present time.] [8]

The plaintiffs have submitted the following point [inter alia] :

1. That, if the jury find from the evidence that the plaintiffs were in the actual possession of the property at and before the taking of the corn, the verdict must be for the plaintiffs.

Opinion of the Court.

Answer: Affirmed.[1]

The court is requested by the defendants to charge:

1. That a defendant under a sheriff's sale becomes quasi tenant at will to the purchaser, and will not be suffered to set up an adverse title.

Answer: Affirmed.

2. That said Potter's title was extinguished by the sheriff's sale to Pickersgill and Childs, from whom Stewart purchased.

Answer: Affirmed.

3. That a purchaser at sheriff's sale acquires the right to the possession of the debtor.

Answer: Affirmed.

4. That after the sheriff's sale of Potter's land, in 1880, Potter had no right of possession, and therefore no right of property.

Answer: Refused.[2]

—The jury returned a verdict for the plaintiffs for $112.04. Judgment having been entered, the defendants took this appeal, assigning for error inter alia:

1. The answer to the plaintiffs' point.[1]

2. The answer to the defendants' point.[2]

8. The portion of the charge embraced in [ ] [8]

*Mr. S. E. Ewing* (with him *Mr. George D. Howell*), for the appellants.

Counsel cited: Altemas v. Campbell, 9 W. 28; Elliott v. Powell, 10 W. 453; Hoopes v. Garver, 15 Pa. 525; Smith v. Steele, 17 Pa. 37; Hood v. Hood, 25 Pa. 420; McCombs v. Rowan, 59 Pa. 418; Hinman v. Cranmer, 9 Pa. 40; Harlan v. Harlan, 15 Pa. 516; Brewer v. Fleming, 51 Pa. 102.

*Mr. W. G. Guiler* (with him *Mr. R. H. Lindsey*), for the appellees.

Counsel cited: Altemose v. Hufsmith, 45 Pa. 128, 129; Hoey v. Furman, 1 Pa. 300; Lehman v. Kellerman, 65 Pa. 489; Duffield v. Miller, 92 Pa. 289.

PER CURIAM:

The jury have found that the plaintiffs were in the actual possession of the land when the crop of corn in question was

grown and carried away.   The defendants had purchased the land at sheriff's sale, but had never dispossessed the plaintiffs by legal proceedings or otherwise.   Had the defendants, after the sheriff's sale, proceeded under the act of assembly to obtain possession of the premises, and had turned the plaintiffs out, the case would have been entirely different.   As it stands, we do not think it was error to instruct the jury that "if you should find that the defendants were in possession, and that the plaintiffs raised the corn there, why then the crop would be subject to just such an arrangement as a tenant would make with a landlord; and, the owners of the title being in possession, and that possession being in a tenant, why they would have a right to the landlord's share.   But if the plaintiffs were in possession, then they would have a right to recover a verdict for the value of the corn at the time it was taken, with its interest down to the present time."

Judgment affirmed.